SAMUEL, Judge.
This matter is before us on relator’s application for writs to prevent the execution of a judgment sentencing him to serve ten days in prison for contempt of court.
The facts material to the issue presented are not in dispute. Relator, a licensed physician in the States of Tennessee and Alabama, applied to the Louisiana State Board of Medical Examiners for a license to practice medicine in Louisiana. On April 15, 1974, the Board issued him a temporary license. On September 19 and 20, 1974, the Board held a hearing to determine whether it would issue him a permanent license to practice medicine in this state. On November 4, 1974 it denied relator’s application for the permanent license. In the meantime, the temporary license had expired.
In accordance with R.S. 49:964, relator then petitioned the Civil District Court for the Parish of Orleans for review of the Board’s actions. The petition sought a stay in the enforcement of the Board’s decision, a preliminary injunction restraining *799 and enjoining the Board from interfering or in any way preventing relator from engaging in the practice of medicine in Louisiana pending final review of that decision, a reversal of the decision and an order directing the Board to issue relator a permanent license to practice medicine in Louisiana. The Board did not request an injunction against relator, nor did it file any pleading which might be construed as such.
On December 12, 1974 a hearing was held on the petition for injunctive relief, which the trial court denied. However, in its judgment and in its reasons for judgment, the court went further and stated, ex mero motu, that relator was “not to practice medicine in the State of Louisiana pending the Court’s review of this matter.”
Subsequently, on January 14, 1975, relator filed a rule (under LSA-R.S. 49:964, subd. E) to show cause why the matter should not be remanded to the Board for the presentation of additional evidence by him. Following a hearing on February 7, 1975, there was judgment on the rule directing the Board to reopen its administrative hearing in order to take evidence on two specified issues not pertinent to the matter now before this court. The judgment also directed “that the order of the Court of December 12, 1974, enjoining Dr. Evers from practicing medicine in the State of Louisiana pending further orders of this Court is and the same be continuing.”
On March 24, 1975 the Board filed a re-conventional demand for a temporary restraining order and preliminary injunction to prevent relator from practicing medicine in Louisiana during the pendency of his appeal and, in the event the administrative decision of the Board denying the issuance of the license be affirmed, for a permanent injunction prohibiting him from practicing medicine in Louisiana until such time as he does receive the license required by law. The temporary restraining order was signed by the court on the day the petition therefor was filed.
On March 24, 1975 the Board also filed a rule to show cause why relator should not be adjudged guilty of contempt of court because he had practiced medicine in Louisiana since December 12, 1974 in violation of the court’s orders of December 12, 1974 and February 7, 1975.
Both of the Board’s rules came for trial on March 31, 1975. After trial, there was judgment on the rule for injunction granting a preliminary injunction, enjoining and prohibiting relator from practicing medicine in the State of Louisiana, and there was judgment on the rule for contempt, finding relator to be in contempt for willfully refusing to comply with the court’s “judgments, orders and decrees (particularly its judgment of December 12, 1974)” and sentencing him to serve ten days in the parish prison. The execution of the prison sentence was stayed for a specified time to give relator an opportunity to apply for writs to this court.
In due course, the application for writs to prevent execution of the contempt sentence was made and granted. The sole question thus presented is whether relator was in fact guilty of contempt in that he disobeyed the trial court’s judgments and orders by practicing medicine in this state between December 12, 1974, the date of rendition of the judgment ordering him not to practice medicine pending judicial review of the matter, and March 24, 1975, when the temporary restraining order was granted.
Our examination of the record shows the only possible authority for holding relator in contempt of court is LSA-C.C.P. Art. 224(2), which provides “Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;” is a constructive contempt. Relator contends he could not have been guilty of this constructive contempt because no lawful judgment or order had ever been issued enjoining or prohibiting him from practicing medicine in Louisiana. We must agree with that contention.
*800 On the two occasions when the trial judge made the statements and orders contained in the two judgments directing relator not to practice medicine in Louisiana pending the outcome of this case, he did so only in the context of relator’s application for his requested injunctive relief and relator’s motion to remand the case for the taking of additional evidence. On those two occasions relator was not informed of the possibility of such judgments or orders being rendered or issued and he had no opportunity to defend himself from that possibility. As has been pointed out, the only issues before the court on those two occasions were relator’s application and motion. Prohibiting relator from practicing medicine was not an issue. The judgments and orders prohibiting the practice of medicine are in the nature of, and equivalent to, injunctive relief. LSA-C.C.P. Arts. 3601 and 3602 respectively provide an application for injunctive relief shall be by petition and a preliminary injunction’ shall not issue unless notice is given to the adverse party and an opportunity had for a hearing. Until March 24, 1975 the Board had not sought such an injunction as authorized by R.S. 37:1286.
Accordingly, we hold there was no legal basis upon which to rest the injunctive judgments and orders as the trial court was without authority to render or issue the same. As the judgments and orders were not lawful within the contemplation of LSA-C.C.P. Art. 224(2), relator was not guilty of a constructive contempt of court by reason of his disobedience thereof.
In deference to the trial judge, a reading of his Reasons for Judgment shows he considered the refusal of a license by the Board prohibited relator’s practice of medicine in Louisiana. However commendable such a prohibition may be, in the absence of proper application for injunctive relief and action thereon, we know of no authority allowing the trial court to hold a physician in contempt of court for practicing medicine without a license.
For the reasons assigned, the March 31, 1975 judgment finding Dr. Herbert Ray Evers to be in contempt of court and sentencing him to serve ten days in the parish prison is annulled and set aside and the matter is remanded to the trial court for further proceedings in accordance with law.

Annulled, set aside and remanded.