GULOTTA, Judge.
This matter is before us on Writ of Cer-tiorari issued by this court in a labor dispute injunction suit.
Relators Payne & Keller Gulf Coast, Inc. petitioned the trial court for injunctive relief from unlawful picketing by defendant. After a hearing, the trial judge enjoined the picketing activities of defendant at the construction site, but also enjoined certain activities[1] of plaintiff at that site. Thereafter, a rule to show cause was filed by defendant seeking to have plaintiff relator adjudged guilty of contempt for violation of the preliminary injunction.[2] Plaintiff filed an exception of no cause of action to the contempt rule claiming that the injunction, insofar as it restrains plaintiff’s activities, is unlawful because no form of injunctive relief was ever applied for by defendant and no bond had been posted. The trial judge overruled the exception of no cause of action. Based on a claim of irreparable harm resulting from the judgment overruling the exception, we granted certiorari.
The sole issue presented to this court is whether a trial judge may issue an injunction enjoining a plaintiff who seeks injunc-tive relief against a defendant where defendant has filed a general denial only, has not sought injunctive relief against plaintiff either in reconventional demand or any other pleading, and has not posted security.
This issue is raised on relation of plaintiff that the injunction restraining its activities was unlawfully granted by the trial judge and plaintiff cannot be held in constructive contempt for violation of an unlawful judgment.[3]
LSA-C.C.P. arts. 3601 and 3602 provide that an application for injunctive relief shall be by petition and a preliminary injunction shall not issue unless notice is given to the adverse party and opportunity had for a hearing. Further, a preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court. LSA-C.C.P. art. 3610. R.S. 23:844 provides, in pertinent part,
“No court shall issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as herein defined, except after hearing the testimony of witnesses in open court, *143 with opportunity for cross-examination, in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court to the effect: * * *
No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs, together with a reasonable attorney’s fee, and expense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court. * * *”[4] (Emphasis added.)
In Evers v. Louisiana State Board of Medical Exam., 316 So.2d 798 (La.App. 4th Cir. 1975), plaintiff sought to enjoin the board from interfering with or preventing him from engaging in the practice of medicine in Louisiana. The board did not request an injunction against the doctor nor did it file any pleading seeking an injunction against plaintiff from practicing medicine. Nonetheless, the trial judge enjoined Evers from engaging in the practice of medicine. This court annulled and set aside the trial court’s judgment holding Dr. Evers in contempt for violation of the exception issued against him. In Evers we said:
“Prohibiting relator from practicing medicine was not an issue. The judgment and orders prohibiting the practice of medicine are in the nature of, and equivalent to, injunctive relief. LSA-C.C.P. arts. 3601 and 3602 respectively provide an application for injunctive relief shall be by petition and a preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.” 316 So.2d at 800.
We concluded in Evers because the board had not sought injunctive relief against the plaintiff, the trial court order prohibiting the doctor from practicing medicine was unlawfully issued. We find the Evers case controlling here.
The well intentioned and concerned trial judge, faced with a potentially volatile situation, concluded that it was within his “inherent jurisdiction ... to prevent violence and protect the safety of lives and property ...” We can appreciate the concern of the zealous and dedicated trial judge to protect the safety of all parties in a labor dispute, as well as the community. Nonetheless, the statutory and jurisprudential requirements are that a petition or claim for injunctive relief must be made and security furnished before a court can issue injunctive restraint.
Because the union’s answer, in the instant case, is a general denial setting forth no complaints which could serve as the basis for the granting of injunctive relief against plaintiff, and because no security was posted by the defendant as required under LSA-C.C.P. art. 3610, we are compelled to conclude that the judgment enjoining plaintiff’s activities was unlawfully and improvidently issued. Accordingly, the judgment overruling plaintiff-relator’s exception of no cause of action to the contempt rule is annulled and set aside. Further, that part of the August 12, 1980 judgment enjoining and restricting activities of Payne & Keller Gulf Coast, Inc. at the construction site is also annulled and set aside. The matter is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.[5]
JUDGMENT ANNULLED, SET ASIDE AND REMANDED.

.The trial judge restrained both plaintiff and defendant from any activity tending to incite a breach of the peace or threatening the lives, safety, or property of others, e. g., making threats, carrying weapons, congregating or placing objects within 300 feet of the gates, blocking traffic. He also required each vehicle and pedestrian to halt at the picket line (composed of no more than 3 pickets) for a three-second period to allow pickets to inform the vehicle occupant or pedestrian of the purpose of the picket line. Plaintiff was specifically prohibited from scheduling or allowing “mass vehicular traffic” at the designated gate, and was required to schedule arrivals and departures of its employees so that no traffic congestion would occur at that gate.

. Defendant alleged a substantial number of vehicles were refusing to halt and honor the picket line.

. LSA-C.C.P. art. 224 reads as follows:
“A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court:
5k * * 4s H« *
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court; * * *” (Emphasis added.)

. See Douglas Public Service Corp. v. Gaspard, 225 La. 972, 74 So.2d 182 (La.1954) for an interpretation and restriction of the effect of this statute.

. The Union simply could have filed additional pleadings in the trial court, posted security as required, and obtain the result sought to be obtained by the trial judge.