LAND, J.
 

 On August 1, 1929, the Levee Construction Company entered into a contract with the United States government for the construction of the Bedford-Bayou Vidal levee, lots 1, 2, and 3, lower Tensas levee district.
 

 Plaintiff company furnished the defendant, Equitable Casualty & Surety Company of New York, as surety for the faithful performance of the work undertaken under this contract, and bond in the sum of $439,400 was executed by the surety.
 

 In consideration of the Equitable Casualty & Surety Company of New York becoming surety on its bond, plaintiff company paid to that company a premium of $8,788.
 

 Thereafter the surety company became insolvent, and, under the laws of the state of New York, where it was domiciled, the management of its affairs was taken over by the commissioner of insurance of that state, and plaintiff company was formally notified by the commissioner that, under orders of competent court, all of the surety and other obligations of said company and all liabilities thereunder ceased on January 15, 1931, and that no protection was afforded to principals on the bonds of-said company after that date.
 

 The United States government, after advice to the same effect, called upon the receivers of plaintiff company to furnish a new and solvent' surety in lieu of the Equitable Casualty & Surety Company of New York.
 

 On March 16, 1931, plaintiff company filed this suit, for the recovery of the premium paid, in the civil district court for the parish of Orleans against the Equitable Casualty & Surety Company of New York, and against the National Surety Company of New York, which had signed as surety the qualifying bond of the Equitable Casualty & Surety Coinpany of New York, in the sum of $50,000, in accordance with Act No. 58 of 1921 (Ex. Sess.) of the Legislature of this state, for the protection of the citizens of the state, and as a guarantee for the compliance by the Equitable Casualty & Surety Company with all contracts made by it in the state.
 

 Plaintiff company avers that the return of the premium in this case is requested on the ground that the surety, by the cancellation of its bond, had failed to perform its functions as surety, and the consideration for which the premium had been paid had totally failed.
 

 Before the present application for writs was made, relators applied to this court for similar writs to compel respondent judge.to sign judgment confirming default and to va
 
 *651
 
 cate Ms orders, setting aside a default taken by relators against the Equitable Casualty & Surety Company of New York, confirming judgment, which had not been signed, and granting a new trial. This application was refused.
 

 After the new trial had been granted, relators took a new default in due course against the Equitable Casualty
 
 &
 
 Surety Company of New York;'and the National Surety Company of New York, upon whose motion the first ■ default was set aside and a new trial granted, obtained a preliminary injunction prohibiting relators from confirming the new default taken by them on June 12, 1931.
 

 Relators pray that respondent judge be ordered to recall and set' aside the preliminary injunction issued by him on the 8th day of July, 1931, restraining relators from further prosecuting this suit and from confirming their default, entered against the Equitable Casualty & Surety Company of New York; and that respondent judge be prohibited from proceeding further in this ease until relators have had their opportunity to take their judg-' ment in' due course; and, in the alternative, relators pray for a suspensive appeal from the judgment rendered July 8, 1931, granting a preliminary injunction.
 

 Nothing is better settled than that an injunction will not lie to prevent the bringing of a suit, and it necessarily follows that, after. suit is brought, an injunction will not lie to prevent the confirmation of a default, a necessary step to be taken in' the prosecution of the suit. Schumert-Warfield-Buja, Inc., v. Buie et al., 148 La. 726, 87 So. 726, and numerous authorities therein cited.
 

 The contention of the National Surety Company of New York — that the preliminary injunction in this case was-justified by the fact that- relators’ claim was excessive; that there is a just and valid defense to the claim; that this court has not passed upon the liability of á qualifying surety, under the. terms of Act No. 58 of 1921 (Ex. Sess.); and that the confirmation of the default should be prevented until the National Surety Company of New York could offer its evidence and prove its legal defense — is not sound in law, but is contrary to the settled jurisprudence of the state on this question.
 

 It is therefore ordered that the judgment of the lower court, ordering a preliminary writ of injunction to-issue in this case, be annulled and set aside, and that said writ be recalled and refused.
 

 It is further ordered that this case be remanded to the lower court to be proceeded with in due course and according to law, and that the costs of these proceedings be paid by respondent, the National Surety Company of New York.