355 So.2d 654 (1978)
MONTELEPRE, INCORPORATED
v.
Gerald G. PFISTER et al.
No. 9286.
Court of Appeal of Louisiana, Fourth Circuit.
March 1, 1978.
*655 Philip Montelepre, New Orleans, for plaintiff-respondent.
Harry A. Burglass, Metairie, for defendants-relators.
Before LEMMON, GULOTTA and BAILES, JJ.
LEMMON, Judge.
This matter is before us on an application for supervisory writs. The application questions a judgment which overruled Gerald Pfister's exceptions of improper venue and no cause of action.
This case originated as a suit on a promissory note against Pfister, a St. Tammany resident, and another defendant, who resided in Orleans Parish. The Civil District Court for the Parish of Orleans rendered judgment against both defendants.
After the delay for a suspensive appeal elapsed, plaintiff obtained issuance of a writ of fieri facias and then, alleging it had been unable to satisfy the judgment, filed (in this same suit) a petition for injunction pursuant to R.S. 12:637, seeking to enjoin Pfister from transferring or encumbering certain shares of corporate stock.[1]
The trial court issued a temporary restraining order and set a hearing on the preliminary injunction. Pfister filed exceptions of improper venue and no cause of action and a motion to dissolve the restraining order. When the court at the scheduled hearing preliminarily overruled the exceptions of improper venue and no cause of action, Pfister announced his intention to apply for supervisory writs, and the court continued the other pending matters until disposition of the writ application.
As to the exception of improper venue, the initial inquiry is whether it is necessary to make the Orleans judgment executory in St. Tammany in order to seize the stock there.
There is no specific codal requirement that a judgment of a Louisiana court be made executory in another parish for the purpose of execution.[2] C.C.P. art. 2781 provides the time and conditions for making a judgment executory, and C.C.P. art. 2782 provides the procedure for doing so, but neither article requires this as a prerequisite to execution under a writ of fieri facias. Indeed, C.C.P. art. 2417 specifically requires that a judgment be made executory in the parish of execution when a garnishment under a writ of fieri facias is filed in the parish of execution (because the garnishee is domiciled there see venue provision in *656 C.C.P. art. 2417). That special requirement suggests that there is no general rule requiring a judgment to be made executory in the parish of execution, since there would be no need for a special rule if a general rule existed.[3]
Furthermore, C.C.P. art. 2253, which provides that the clerk of the court which rendered the judgment shall issue a writ to the sheriff of the parish where the judgment is to be executed, makes no mention of the necessity of making the judgment executory. And if the judgment necessarily had to be made executory, then the clerk in the parish of execution could issue the writ, and C.C.P. art. 2253's authorization for issuance by the clerk in the parish of rendition would be unnecessary.
We conclude in the present case that it was unnecessary to make the judgment executory in St. Tammany Parish. Since the judgment could be executed by the court in Orleans Parish, that court could, in aid of its jurisdiction to execute the judgment, issue an injunction authorized by R.S. 12:637.
As to the exception of no cause of action, R.S. 12:637 specifically authorizes the procedure employed here, and the statute makes no requirement of irreparable injury. The statute, however, does not dispense with the necessity of security, and the issuance of the temporary restraining order should have been conditioned upon the furnishing of security in an amount fixed by the trial court. C.C.P. art. 3610. The trial court erred in issuing the restraining order without requiring security, and the order is therefore invalid.Accordingly, the application is denied insofar as it questions the overruling of the exceptions of improper venue and no cause of action. As to relator's complaint of the trial court's failure to require security, it is ordered that the trial court recall the temporary restraining order as improperly issued.
APPLICATION DENIED WITH ORDER TO RECALL TEMPORARY RESTRAINING ORDER.
NOTES
[1] R.S. 12:637 provides:

"A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which can not readily be attached or levied upon by ordinary legal process."
[2] The Official Revision Comments under C.C.P. art. 2781 note that there is usually no necessity, except when required by a special statute, to make the judgment of another Louisiana court executory, and that the court rendering the judgment normally executes by issuing a writ of fieri facias to the sheriff in the parish of execution.

In Pounds v. Chicago Ins. Co., 298 So.2d 134 (La.App. 1st Cir. 1974), cert. den. 302 So.2d 19 (stating "no error in the judgment"), the court held that seizure of a tort claim in Tangipohoa Parish could be accomplished without making the judgment of another Louisiana court executory in Tangipohoa Parish.
[3] Another special rule as to which court shall execute a judgment is C.C.P. art. 2452, which requires that an examination of a judgment debtor be conducted in the parish where the debtor is domiciled.