386 So.2d 1053 (1980)
LENFANTS CATERERS, INC.
v.
FIREMEN'S CHARITABLE AND BENEVOLENT ASSOCIATION OF NEW ORLEANS.
No. 11662.
Court of Appeal of Louisiana, Fourth Circuit.
July 2, 1980.
*1054 Max Nathan, Jr., Michael Braunstein, Peter S. Title, New Orleans, for relator.
Joseph W. Nelkin, Gregory J. Avery, New Orleans, for respondent.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SAMUEL, Judge.
We grant the defendant-relator's application for writs.
Relator is the owner of certain immovable property in New Orleans, bearing Municipal No. 5236 Canal Boulevard, which it leased to the respondent for a term of five years ending March 31, 1980. Under the terms of the lease respondent had a right to renew for another five year term, but the lease requested that notice of intention to renew be sent to the lessor not less than six months before the expiration of the primary term. Respondent attempted to exercise its right to renew but, contending the notice of intention to renew was not given timely, relator sent two notices to vacate, one on February 13, 1980 and the other on March 7, 1980 stating the lease would expire, or had expired, on March 31, 1980 because it had not been properly renewed.
Thereafter, on March 14, 1980, contending it had properly exercised its right to renew, respondent filed this suit in the Civil District Court for the Parish of Orleans, seeking to restrain and enjoin relator "from interfering with the rights of Lenfants to occupy the premises."
Following trial of a rule to show cause, this judgment was rendered:
"IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein enjoining the Fireman's Charitable & Benevolent Association of New Orleans, its agents, and employees from precluding Lefants Caterers, Inc., from the free exercise of its rights under the lease, including the renewal of the lease for five years, commencing April 1, 1980 pursuant to the terms of the lease." (Emphasis ours)
The trial court did not fix an amount of security to be furnished and the injunction was issued without bond.
In this court relator makes the following contentions: (1) a preliminary injunction may not issue without bond in this case; (2) the injunction in this case is overbroad; and (3) a lessor cannot validly be enjoined from exercising his right to file summary proceedings against his tenant for possession of the leased premises at the expiration, or contended expiration, of the lease. We agree with all three of these contentions.
Code of Civil Procedure Article 3610 is controlling as to the first contention. That article reads:
"A temporary restraining order or preliminary injunction shall not issue unless *1055 the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained." (Emphasis ours)
We have not been cited to any law dispensing with security under the facts of this case, and we know of none. Accordingly, the preliminary injunction here complained of is invalid because it was issued without bond.[1]
Relative to the second contention, in pertinent part Code of Civil Procedure Article 3605 provides:
"An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained." (Emphasis ours)
The judgment in the instant case fails to comply with that requirement. It does not describe in reasonable detail the act or acts sought to be enjoined and it is invalid for that reason.[2]
The Supreme Court case of Schumert-Warfield-Buja, Inc. v. Buie, et al.,[3] is in point as to the third contention. In that case, as here, upon receiving notice to vacate the leased premises, the lessee obtained an injunction enjoining the lessor from instituting eviction proceedings. The trial court later dissolved that injunction and the lessee appealed. The court affirmed the judgment dissolving the injunction and held the appeal was "manifestly frivolous", stating:
"As plaintiff does not pretend to have had reason to apprehend, or to have in fact apprehended, that eviction would be attempted in any other manner than by judicial proceedings, the injunction was aimed solely at the latter. It was granted inadvertently, for nothing is better settled than that injunction will not lie to prevent the bringing of a suit, and was accordingly promptly dissolved." (Citations omitted)
Here, as in Schumert-Warfield-Buja, there is no suggestion that eviction would be attempted in any manner other than by lawful proceedings under Code of Civil Procedure Article 4701, et seq. The only controversy appears to be whether or not the lease in suit had been validly renewed. This is an issue which can and should be tried in the eviction proceeding itself. Respondent cannot prevent the filing of a lawful eviction suit by means of an injunction.[4]
For the reasons assigned, the judgment complained of is annulled and set aside and respondent's suit is dismissed at its costs in both courts.
JUDGMENT ANNULLED AND SET ASIDE AND SUIT DISMISSED.
NOTES
[1] Montelepre, Inc. v. Pfister, La.App., 355 So.2d 654.
[2] See Wright v. Department of Highways, La. App., 359 So.2d 635.
[3] 148 La. 726, 87 So. 726; see also Levee Const. Co. v. Equitable Casualty & Surety Co., 173 La. 648, 138 So. 431; Kuhn v. Breard, 151 La. 546, 92 So. 52; and Muller v. Landry, La.App., 170 So.2d 922.
[4] LSA-C.C.P. Art. 927 specifically states either the trial or appellate court, on its own motion, may notice the failure to disclose a cause or right of action.