COVINGTON, Judge.
This is an appeal from a judgment of the trial court granting plaintiff, Halmar, Inc., a preliminary injunction against the Department of Transportation and Development (DOTD), enjoining DOTD from taking any further action of whatever nature to require Halmar to execute a contract on a certain state project at Halmar’s bid price, from awarding the particular contract to any other bidder, and from taking any action to forfeit Halmar’s bid bond. The judgment failed to require plaintiff to furnish security to indemnify DOTD for payment of costs and damages, and Halmar has posted no such bond. We reverse and remand.
This suit for injunctive relief arises out of DOTD’s seeking of public bids on State Project No. 450-90-19, FAP #1-10-5 (197) 236, entitled “1-10, St. Bernard Avenue Interchange Joint Use, Route 1-10,” which project consisted of grading, drainage structures, landscaping, recreational facilities, concrete drives and walks, and related works. DOTD received three bids, including that of Halmar, which were opened and publicly read on October 29, 1980. Halmar was advised by letter on October 31, 1980, that it had submitted the low bid of $1,680,-835.14, and that the award of the contract or rejection of the bid was being taken under advisement.. In response, Halmar notified DOTD that it had made a clerical error in its bid in that for one of the line items it had written $227 instead of the intended figure of $277,000. The bid as written was tabulated at DOTD’s $1,680,-835.14 instead of Halmar’s intended bid price of $1,907,608.00. Nevertheless, DOTD notified Halmar by letter dated November 24, 1980, that the contract was awarded to it at DOTD’s tabulated bid price. In the meantime, Halmar filed suit on November 12, 1980, alleging the clerical error, and seeking injunctive and declaratory relief. Thereafter, Halmar filed an amending and supplemental petition, seeking a prelimi *1180 nary and permanent injunction to stop the awarding of the contract to any other bidder, to prevent DOTD from taking any action to forfeit Halmar’s bid bond, and to require DOTD to award the contract to Halmar at its intended bid price; and in the alternative, seeking damages.
The preliminary injunction came on for hearing on December 15, 1980, and resulted in the interlocutory judgment granting the preliminary injunction without bond, of which DOTD complains on this appeal.
LSA-C.C.P. art. 3610 specifically requires the furnishing of security for the issuance of a preliminary injunction “. . . except where security is dispensed with by law.” We agree with appellant that since there is no law dispensing with security under the circumstances of this case, the issuance of the preliminary injunction without bond in favor of Halmar is invalid. In Lenfants Caterers, Inc. v. Firemen’s Charitable and Benevolent Association of New Orleans, 386 So.2d 1053 (La.App. 4 Cir. 1980), the Court annulled a judgment which granted a preliminary injunction without fixing and requiring security be furnished by the applicant, stating:
“We have not been cited to any law dispensing with security under the facts of this case, and we know of none. Accordingly, the preliminary injunction here complained of is invalid because it was issued without bond.”
In view of our favorable ruling for the appellant on this issue, it is unnecessary for us to consider the other procedural questions raised by DOTD on this appeal.
For the assigned reasons, we reverse the judgment appealed at the appellee’s costs, annul and set aside the judgment issuing the preliminary injunction, and remand the case to the district court for further proceedings.
REVERSED AND REMANDED.