CUTRER, Judge.
This appeal arises as a result of a judgment of the City Court of Crowley, which granted a preliminary injunction enjoining the defendants and their minor children from disturbing plaintiffs’ privacy by cursing them, littering and damaging their property.
Plaintiffs, Norice and Helen Magnon, lived in Kings’ Addition Subdivision of Crowley, Louisiana, where they had resided for ten years. The defendants, Francis Lormand and Joyce Trahan, also lived in the immediate neighborhood. Lormand had three minor children ranging from fifteen to seventeen years old. Mrs. Trahan had one minor child, age fifteen.
Plaintiffs filed suit against Francis Lor-mand and Joyce Trahan alleging that for an extended period of time the minor children had committed various acts of harassment and trespass against plaintiffs. Plaintiffs sought damages in the amount of $3,000.00 and a preliminary injunction to enjoin the defendants from allowing their children to engage in the harassment and trespass activities. Defendants reconvened for damages.
After a hearing on the preliminary injunction, the city court rendered judgment enjoining defendants and their minor children “[fjrom destroying, littering or in any way interfering with the full enjoyment by the plaintiffs of their property; and from having any contact with the plaintiffs whatsoever.” The judgment made no requirement for the furnishing of a bond to secure the issuance of the preliminary injunction. Defendants appeal. We remand.
The substantial issues on appeal are: (1) Whether the evidence supports the trial court’s granting of a preliminary injunction; and (2) if the injunctive relief was properly granted, whether a security bond should have been required by the trial court.
GRANTING OF PRELIMINARY INJUNCTION
As to the first issue, plaintiffs testified that they were acquainted with these minor children and that, for an extended period of time, these children had thrown litter into their yard, destroyed some plants in their yard, cursed plaintiffs, discharged fireworks onto plaintiffs’ property and other acts which interfered with the full enjoyment of their property. The plaintiffs, due to these problems, called the police on several occasions in order to alleviate the problem.
Defendants each testified that they had not seen these activities.
*1309 The trial judge felt that the evidence justified the granting of the injunc-tive relief. We cannot say that he was clearly wrong in doing so.
NECESSITY OF SECURITY BOND
LSA-C.C.P. art. 3610, in regard to the issuance of a preliminary injunction or temporary restraining order, provides:
“A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed bv the court, except where security is dispensed with bv law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.” (Emphasis ours.)
The meaning of the statutory provision is clear. Unless security is expressly dispensed with by law, no valid preliminary injunction shall issue without security being furnished in an amount to be fixed by the court. The purpose of the security, as the article explicitly states, is to indemnify any person who is wrongfully restrained or enjoined for any losses or damages incurred.
Our perusal of the jurisprudence confirms the dictates of art. .3610. We have found no statutory or jurisprudential exceptions which have exempted this type of injunction from the security requirements. The requirements of art. 3610 apply in this suit to enjoin defendants’ children from harassing and interfering with plaintiffs’ privacy and enjoyment of their property as it has in suits to enjoin labor disputes, Payne & Keller, Etc. v. Am. Fed., Etc., 393 So.2d 141 (La.App. 4th Cir.1980); tenants enjoining the landlord from interfering with its rights of occupancy under a lease, Lenfants Caterers v. Firemen’s Charitable, 386 So.2d 1053 (La.App. 4th Cir.1980); and suits to prohibit the transfer and encumbering of corporate stock, Montelepre, Inc. v. Pfister, 355 So.2d 654 (La.App. 4th Cir.1978).
While we agree with the trial court’s granting of the preliminary injunction, we shall remand to allow plaintiffs an opportunity to meet the requirement of a security bond and for trial on the merits.
For the reasons assigned, we remand this suit to the trial court for trial on the merits and with directions that security be furnished by the plaintiffs within the delay and in an amount to be determined by the trial court. Plaintiffs-appellees are to pay costs of this appeal.
REMANDED.