469 So.2d 440 (1985)
C. Edward KARST, Plaintiff-Appellant,
v.
Irving WARD-STEINMAN, Defendant-Appellee.
No. 84-402.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*441 C. Edward Karst, Alexandria, in pro. per.
David A. Sheffield, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
FORET, Judge.
Plaintiff, C. Edward Karst, filed a possessory action which included an application for injunctive relief. On January 10, 1984, the trial court granted a temporary restraining order and set a rule on the preliminary injunction for January 23, 1984. On the day of the hearing, defendant, Irving Ward-Steinman, filed exceptions of no cause and no right of action to plaintiff's request for injunctive relief and a motion to dissolve the temporary restraining order, which motion included a demand for damages for the wrongful issuance of the temporary restraining order. The court granted defendant's exceptions of no cause and no right of action, dissolving the temporary restraining order and dismissing plaintiff's application for a preliminary injunction. On January 30, 1984, the court received evidence on defendant's demand for damages for the wrongful issuance of a temporary restraining order. The trial court rendered judgment in defendant's favor, awarding him $150 in damages and $750 for attorney's fees. Plaintiff suspensively appealed the trial court's judgment granting defendant damages for the wrongful issuance of the temporary restraining order.
Plaintiff has raised the following issues on appeal:
(1) Whether the trial court erred in dissolving the temporary restraining order and in dismissing plaintiff's application for a preliminary injunction; and,
(2) Whether the trial court erred in awarding damages to defendant for the wrongful issuance of a temporary restraining order.

DISSOLUTION OF TEMPORARY RESTRAINING ORDER AND DISMISSAL OF PRELIMINARY INJUNCTION
In its judgment of January 23, 1984, the trial court dissolved the temporary restraining order granted to plaintiff and dismissed plaintiff's application for a preliminary injunction. In his brief, plaintiff has objected to the actions of the trial court in this regard. We find that, for a number of reasons, plaintiff has no cause for objection.
*442 First and foremost, plaintiff's motion for appeal shows that he only appealed the trial court's judgment of January 30, 1984, which awarded defendant damages and attorney's fees for the wrongful issuance of a temporary restraining order, and not the judgment of January 23, 1984. Therefore, any questions regarding the January 23, 1984 judgment are not properly before us. Moreover, even if plaintiff had perfected an appeal from the January 23, 1984 judgment, that appeal would be defective as to both elements of that judgment. First, insofar as the judgment concerned the temporary restraining order, it would not be subject to an appeal. There can be no appeal from an order relating to a temporary restraining order. LSA-C. C.P. Article 3612. Secondly, even if plaintiff's appeal could be construed as an appeal from the January 23, 1984 judgment dismissing his application for a preliminary injunction, it would have been untimely. An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order of judgment. LSA-C.C.P. Article 3612. The judgment dismissing plaintiff's application for a preliminary injunction was rendered on January 23, 1984, but no motion for appeal was filed by plaintiff until March 1, 1984.

DAMAGES FOR WRONGFUL ISSUANCE OF TEMPORARY RESTRAINING ORDER
Plaintiff has appealed the trial court's judgment awarding penalties and attorney's fees to defendant for the wrongful issuance of a temporary restraining order. A court may award damages for the wrongful issuance of a temporary restraining order which may include attorney's fees as an element of damage. These damages may be awarded in a motion to dissolve or on a reconventional demand. LSA-C.C.P. Article 3608. In the instant case, the damages were awarded on a motion to dissolve. Plaintiff contends that the trial court acted improperly when it heard defendant's motion to dissolve on the same day that it was filed. Plaintiff points to LSA-C.C.P. Article 3607 for the proposition that two days' notice of a hearing for the dissolution or modification of a temporary restraining order must be given to the adverse party. It is apparent from an examination of Article 3607, however, that the two days' notice is discretionary with the trial court. The article provides, in pertinent part:
"An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe." (Emphasis ours.)
Also, we once again note that the propriety of the trial court's actions in dissolving the temporary restraining order is not properly before us. Plaintiff had ample notice of the trial court's hearing on damages for wrongful issuance of a temporary restraining order, and this is the only question properly before us.
We agree with the trial court's determination that the temporary restraining order was wrongfully issued. It is apparent from plaintiff's petition that the temporary restraining order was sought and granted in order to enjoin an eviction proceeding which defendant, Ward-Steinman, had brought against plaintiff, Karst, and which action was pending in Alexandria City Court. It is well settled that, as a general rule, a pending action cannot be enjoined in a separate action. Levee Construction Company, Inc. v. Equitable Casualty & Surety Co. of New York, 173 La. 648, 138 So. 431 (1931); Muller v. Landry, 170 So.2d 922 (La.App. 3 Cir.1965).
The record supports the court's decision to award defendant $150 in damages. Evidence elicited at the hearing of defendant's demand for damages indicated that an individual had agreed to rent the premises possessed by plaintiff, and that, as a result of the temporary restraining order, defendant was not able to proceed with an eviction of plaintiff and had lost half a month's rent. The court's award of *443 attorney's fees, however, was improper. The temporary restraining order which was signed on January 10, 1984, expired by its own terms ten days after the date of its signing. The filing and hearing of defendant's motion to dissolve the temporary restraining order did not take place until January 23, 1984. By this time, the temporary order had, by its own terms, expired. There is no evidence in the record that any extension was granted. If a wrongfully issued restraining order has already expired when demand for its dissolution is made, damages are recoverable, but attorney's fees are not. Davis v. Raymond Petroleum, Inc., 396 So.2d 600 (La.App. 3 Cir.1981).
For reasons which we will presently make clear, we will not remand this case for trial on the merits, but will dispose of it on appeal. With regard to plaintiff's request for injunctive relief, there is no need to remand. As we pointed out above, as a general rule, a pending action cannot be enjoined in a separate action. In his petition, the only harm which plaintiff alleges as a basis for the granting of injunctive relief is the pending eviction proceeding in the Alexandria City Court. It is evident that plaintiff has failed to allege any basis for the granting of injunctive relief. Nor need we remand this case for consideration of plaintiff's possessory action on its merits. In order to plead a possessory action, the possessor must allege a disturbance in fact or in law. See LSA-C.C.P. Article 3658. In his petition, the only disturbance which plaintiff alleges is a disturbance in law in the form of an eviction suit filed by defendant in Alexandria City Court. This allegation is insufficient to state a cause of action. A claim or pretension of ownership or right to possession is not a disturbance in law if it is made in an action or proceeding. LSA-C.C.P. Article 3659 reads, in pertinent part:
"A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right." (Emphasis provided.)
An eviction proceeding asserts a right to possession and falls within Article 3659's exception. Such a proceeding is not, for purposes of the possessory action, a disturbance. Having failed to allege any disturbance cognizable in law, plaintiff has failed to allege sufficient facts to state a cause of action.
An appellate court may, on its own motion, recognize the failure to disclose a cause of action. LSA-C.C.P. Article 927. Accordingly, we will dismiss plaintiff's action.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of defendant, Irving Ward-Steinman, and against plaintiff, C. Edward Karst, for damages in the amount of ONE HUNDRED FIFTY AND NO/100 ($150.00) DOLLARS, together with legal interest from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's possessory action and application for injunctive relief are hereby dismissed, with all costs, both at the trial level and on appeal, to be paid by plaintiff, C. Edward Karst.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.