LOBRANO, Judge.
The question presented by this appeal is the correctness of a permanent injunction issued by the trial court which prohibited defendant-appellant from concealing, encumbering or disposing of a diamond ring, the ownership of which is the object of this suit.
Plaintiff sued defendant for the return of a diamond ring given to her in contemplation of marriage. The marriage was called off and plaintiff claims he is the owner of *1249 the ring. Defendant asserts the opposite is true. The merits of those contentions are not before us as they are still pending.
Plaintiff filed a pleading styled “Motion For Injunction” wherein he asserted that the ring is unique and is of considerable sentimental value, and that it is within the power of defendant to dispose, encumber or alienate the ring prior to a trial on the merits, and that he has no adequate remedy at law. Attached to that motion is an order, which was signed by the trial coui’t, which directs defendant to show cause why an injunction should not issue.
This matter was heard summarily by the trial judge and a permanent injunction was issued against defendant.
Defendant complains to this court that the injunction is improper for several reasons. We find merit in the assertion that it was issued without bond.
Although the judgment complained of “permanently enjoins” the defendant, all parties, including the trial judge, admit that the purpose of the injunction was to preserve the status quo until the ownership of the ring was determined. In reality, even though styled as a “permanent injunction”, the judgment is a preliminary one, interlocutory in nature, designed to preserve the existing status pending a trial on the merits. See, Smith v. West Virginia Oil and Gas Co., 373 So.2d 488 (La.1979). In further support of this finding we point out that an application for injunctive relief shall be by petition, La.C. C.Pro. Art. 3601, whereas the instant injunction originated as a motion and order. A permanent injunction cannot be issued summarily, but must be rendered after a trial on the merits.
Having concluded that the trial court’s judgment is a preliminary injunction we refer to Article 3610 of the Code of Civil Procedure which provides:
“A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.”
We have not been referred to any law which exempts the present case from the security requirement of Article 3610, nor are we aware of any. Although some courts have remanded cases of this nature for the fixing of security, Magnon v. Lormand, 420 So.2d 1307 (La.App. 3rd Cir.1982); Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2nd Cir.1976), we prefer the rulings of our own circuit which have set aside the injunction. Cochran v. Crosby, 411 So.2d 654 (La.App. 4th Cir.1982) and Montelepre v. Pfister, 355 So.2d 654 (La.App. 4th Cir.1978). See also, the First Circuit case of Halmar, Inc. v. La. Dept. of Transportation and Development. 405 So.2d 1179 (La.App. 1st Cir.1981).
Accordingly, we reverse the lower court and vacate and set aside the judgment granting a “permanent” injunction. We remand for further proceedings.
REVERSED AND REMANDED.
BYRNES, J., concurs with reasons.