THE COUNCIL OF THE CITY OF NEW ORLEANS     *     NO. 2022-CA-0790

    *     COURT OF APPEAL

VERSUS

    *     FOURTH CIRCUIT

EDWARD WISNER DONATION, THE HONORABLE MAYOR LATOYA CANTRELL, IN HER OFFICIAL CAPACITY AND AS TRUSTEE, MICHAEL PENEGUY, SENATOR EDWIN MURRAY, MAJOR CHRIS THORNHILL AND PATRICK NORTON

    *     STATE OF LOUISIANA

    *

    *

* * * * * * *

CONSOLIDATED WITH:                  CONSOLIDATED WITH:

THE COUNCIL OF THE CITY OF NEW ORLEANS              NO. 2022-CA-0791

VERSUS

EDWARD WISNER DONATION, THE HONORABLE MAYOR LATOYA CANTRELL, IN HER OFFICIAL CAPACITY AND AS TRUSTEE, MICHAEL PENEGUY, SENATOR EDWIN MURRAY, MAJOR CHRIS THORNHILL AND PATRICK NORTON

**JENKINS, J. DISSENTS WITH REASONS**

This is the second Wisner case before the Court. The majority opinion outlines *Wisner One*. This is not a property dispute. The applicable law as it relates to the underlying issues in this litigation is Trust law.[1] In *Wisner One*, this Court ruled that "the trust is not perpetual and will end in accordance with its terms… the trust expires in August of 2014." *In re Edward Wisner Donation,* 2014-0027 (La. App. 4 Cir. 9/18/14), 150 So. 3d 391, 399.

The underlying cause of action in this motion for preliminary injunction is a petition for declaratory judgment. The controlling law of what the Council seeks to enjoin falls in the Trust code.[2] The Council sought to enjoin the distribution of

---

[1] This Court's review of the trial court's correctness in granting the Council's preliminary injunction does not require us to consider the merits nor the trust law applicable to the facts and circumstances of this case.

[2] Louisiana Trust code is governed by La. R.S. 9:1731 to La. R.S. 9:2252.

1

trust funds while it awaits the trial court's ruling on its Petition for Declaratory Judgment. The Council seeks declaration that (1) the 2020 Agreement was an illegal disposition of public property to private persons and entities, (2) the 2020 Agreement was an impermissible modification of the trust, and (3) the 2020 Agreement was an absolute nullity. *Council of City of New Orleans v. Donation,* 2023-01106 (La. 3/22/24), 382 So. 3d 27, 30, *reh'g denied*, 2023-01106 (La. 5/10/24), 384 So. 3d 890. Essentially, on October 13, 2022, the trial court entered judgment granting the Council's requests for injunctive relief.

I dissent from the majority because I find procedural errors in the trial court's granting of the Council's preliminary injunction.

### *Nature of the Injunctive Relief*

I agree and adopt the majority's recognition of the procedural distinction between the prohibitory and mandatory nature of an injunction.[3] Contrary to the majority's finding, however, that the injunctive relief was solely prohibitory, I find that portions of the preliminary injunction are in fact mandatory in nature.

Procedurally, a full evidentiary hearing should have occurred based on the trial court ordering the "doing of something," specifically that defendants must produce all books, records, accounting, and other documentation with regard to revenues derived from alleged trust properties, and any payments or distribution made including those revenues to the court and the Council. A mandatory injunction has the same basic effect as a permanent injunction, and may not be issued on merely a *prima facie* showing that the party seeking the injunction can

---

[3] As the jurisprudence has recognized, "[a] prohibitory injunction is one that seeks to restrain conduct. A mandatory injunction, on the other hand, commands the doing of some action and cannot be issued without a hearing on the merits." *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 2016-0566, p. 8 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1035, n.4 (internal citations and quotations omitted); *see also Meredith v. I Am Music, LLC*, 2018-0659, p. 5 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1146. Simply stated, a *prima facie* showing is sufficient proof to support the issuance of a prohibitory injunction. But, proof by a preponderance of the evidence at a full evidentiary hearing is required to support the issuance of a mandatory injunction. *See Randazzo v. Imbraguglio,* 2021-0679, p. 12 (La. App. 4 Cir. 5/25/22), 343 So.3d 852, 861.

prove the necessary elements. *Ard v. GrrlSpot, LLC*, 2019-0312, p. 15 (La. App. 4 Cir. 10/23/19), 364 So.3d 358, 367 (citing *Denta-Max*, 95-2128, p. 3, 671 So.2d at 997). "Instead, the party seeking a mandatory injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction." *Ard* at p. 15, 364 So.3d at 367 (quoting *Bollinger Mach. Shop & Shipyard, Inc. v. U.S. Marine, Inc.*, 595 So.2d 756, 759 (La. App. 4th Cir. 1992)).

As such, the Council was required to show by preponderance of the evidence at an evidentiary hearing that it was entitled to a mandatory injunction. *See Meredith*, 2018-0659, p. 5, 265 So.3d at 1146. It is undisputed by the parties that a full evidentiary hearing was never conducted. As noted by the Board Defendants in the September 28, 2022 hearing transcript, the Council presented no evidence to the trial court to show irreparable injury. Moreover, the Council provided in its appellee brief that the trial court could make its ruling without an evidentiary hearing. Thus, I find that the trial court erred in this respect.

### No Irreparable Injury

As noted by the majority, the Council argues that a money judgment would be "valueless" and there is no adequate remedy because attempting to collect from the defendants would be costly. However, I find that this is a faulty interpretation of law. "Mere inconvenience is insufficient to demonstrate the requisite irreparable injury." *Easterling v. Estate of Miller*, 2014-1354, p. 11 (La. App. 4 Cir. 12/23/15), 184 So.3d 222, 229 (citing *Smith v. Brumfield*, 2013–1171, p. 7 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 75).

The majority finds that this matter is similar to the *Oestreicher* case, and despite the monetary nature of the injury, the showing of irreparable injury requirement has been satisfied because a money judgment would likely will be valueless. However, the *Oestreicher* case is distinguishable because the instant

record is devoid of any evidence of impropriety on the part the Board as it relates to the disclosure of the identity of the trust fund recipients. The Board provided that the identity and locations of the recipients were set forth in the 2020 Ratification Agreement.

Moreover, I do not find that a money judgment would be "valueless," as the proceeds and revenue of the trust property may be measured by pecuniary standards and there is no evidence of the alleged trust beneficiaries' insolvency or the unlikelihood that the judgment will be paid. Accordingly, I do not find that the Council satisfied the requirement of a showing irreparable injury.

### *Prima Facie Case*

The majority finds that the Council made a *prima facie* showing that it may ultimately succeed on the merits of this case. I disagree. I find that the trial court utilized incorrect procedural rules and evidentiary burdens when issuing this preliminary injunction. As previously mentioned, the preliminary injunction was mandatory in nature, thus, it was improper for the trial court to issue it merely on a *prima facie* showing. While the majority note that it is not possible to issue a mandatory preliminary injunction because mandatory injunctions and prohibitory injunctions have different procedural rules and evidentiary burdens, such fallacies occurred, as the trial court did not have a full evidentiary hearing, yet, the trial court issued an injunction that was mandatory in nature. The Council needed to show by a preponderance of the evidence at an evidentiary hearing that it was entitled to a preliminary injunction. *See Ard*, 2019-0312, p. 15, 364 So.3d at 367.

### *Remaining Assignments of Error*

Considering my position that the trial court improperly granted the preliminary injunction. I find that the Board Defendants' arguments that the trial court erred in entering a preliminary injunction against Michael Peneguy and that

4

the trial court erred in not requiring the City Council to post a bond for the preliminary injunction are moot.

I would reverse the trial court's October 13, 2022 judgment granting the preliminary injunction and remand this matter for further proceedings.