**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0638

* * * * * *

SHAWN JACKSON

VERSUS

ROBERT "BOBBY" DUPRE

JUDGMENT RENDERED: _____DEC 3 0 2024_____

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 698,265, Sec. 24

The Honorable Donald R. Johnson, Judge Presiding

* * * * * *

| | |
|---|---|
| Shawn Jackson<br>Baker, Louisiana | Plaintiff/Appellant<br>In proper person |
| W. Michael Stemmans<br>M. Todd Alley<br>Michael J. Taffaro<br>Jennifer E. Frederickson<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Robert Dupre |

* * * * * *

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

McClendon, J. Concurs in the result reached.
... with out reasons

**LANIER, J.,**

A *pro se* litigant seeks review of the trial court's judgment related to eviction proceedings appealed from the Justice of the Peace in East Baton Rouge Parish. For the following reasons, we maintain the appeal and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Robert Dupre instituted an eviction proceeding against his lessee, Shawn Jackson, before the Justice of the Peace in East Baton Rouge Parish on June 23, 2020.[1] Justice of the Peace Gerald Thomas Arbour Sr. signed a judgment of eviction on July 10, 2020.[2] On July 27, 2020, Jackson filed a "Motion and Order for De Novo Appeal and Reconventional Demand" ("Eviction Appeal") in the 19th Judicial District Court ("the 19th JDC"), in which he sought review of the judgment of eviction. Therein, Jackson asserted that the judgment of eviction should be reversed because Dupre failed to post notice to vacate prior to filing the eviction proceeding. In the accompanying "Reconventional Demand," Jackson stated that he and Dupre entered into an oral agreement on or about March 1, 2017, whereby Dupre leased his property to Jackson, who used the leased premises "as [a] warehouse" to "store[] a vast amount of heavy equipment and property[.]" According to Jackson, he provided "extensive labor and expenses" in the amount of $55,000 to Dupre in exchange for the value of the rental space.[3] Jackson asserted that at the time Dupre filed the petition for eviction, he was not fully

---

[1] The petition for eviction does not contain any explanation as to why Dupre sought to evict Jackson. Dupre did, however, note that he gave Jackson five days to vacate and posted a notice to vacate on the door of the leased premises.

[2] The record from the proceedings before the Justice of the Peace was not included in the appellate record except for the petition for eviction and judgment of eviction, both of which were attached to filings in the 19th JDC record as evidence.

[3] The 19th JDC later permitted Jackson to file a supplemental and amending reconventional demand, in which Jackson clarified the basis of his claims. Jackson alleged that he used the rental space as storage for restaurant equipment, in addition to other equipment he intended to auction for a profit. Jackson asserted that (1) he earned "rental credit" by performing plumbing, electrical, heating and air, roofing, carpentry, and cleaning services on the leased premises, and (2) he is entitled to damages caused by the wrongful eviction, including but not limited to, loss of business opportunity, loss of earnings, emotional distress, mental anguish, inconvenience, loss of use and enjoyment, unjust enrichment, conversion of property, and detrimental reliance.

compensated for his services. Therefore, Jackson prayed for judgment in his favor and for "all damages which are reasonable under the premises, together with legal interest from the date of loss plus court costs of the[] proceedings and any and all other relief to which he may be entitled[.]"

Dupre filed several exceptions to Jackson's Eviction Appeal, including the dilatory exception raising the objections of improper cumulation of actions and unauthorized use of summary proceedings, which the 19th JDC denied. This court denied writs. See **Jackson v. Dupre**, 2021-0506 (La. App. 1st Cir. 8/16/21), 2021 WL 3618184 (unpublished writ action). Dupre later filed an answer to Jackson's reconventional demand, in which he generally denied he owes any obligation to Jackson.[4]

The matter proceeded to a *de novo* trial on March 8, 2023.[5] After Jackson completed presentation of his evidence, Dupre moved for involuntary dismissal in accordance with La. Code Civ. P. art. 1672(B).[6] The 19th JDC granted Dupre's motion for involuntary dismissal and dismissed all claims asserted by Jackson. The 19th JDC signed a judgment in conformity with its ruling on March 17, 2023.

---

[4] Dupre filed an answer and reconventional demand to Jackson's Eviction Appeal, in which he denied each of Jackson's assertions. Dupre further claimed that the parties agreed to a rental value of $1,000 per month; that "at no time did [he] receive any rental payments from [Jackson]"; and that the unpaid rental value due from Jackson from the period of March 1, 2017, through June 30, 2020, is $40,000. Lastly, Dupre asserted that he made a personal loan to Jackson in the amount of $5,000, which Jackson has yet to repay.

[5] Prior to trial, the parties filed cross-motions for summary judgment. Following a hearing, the 19th JDC denied Jackson's motion and granted Dupre's motion for partial summary judgment, finding the judgment of eviction "was properly rendered in accordance with the Louisiana [Code of Civil] Procedure." Jackson filed a motion for new trial, and after a hearing, the 19th JDC granted the motion via judgment dated October 11, 2022. The 19th JDC stated, "[T]he [j]udgment granting [Dupre's] Motion for Partial Summary Judgment is set aside[,] and a new trial on the merits will be held on a date to be determined[.]" As such, it appears all of Jackson's claims asserted in his Eviction Appeal were before the 19th JDC at the March 8, 2023 trial.

[6] Louisiana Code of Civil Procedure article 1672(B) states:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

Jackson timely filed a motion for new trial and a motion for devolutive appeal of that judgment. The 19th JDC denied the motion for new trial and later granted Jackson a devolutive appeal on April 12, 2023. On May 9, 2023, Jackson filed a request for extension of time to pay appeal fees. The 19th JDC granted this request on May 18, 2023, and provided Jackson an additional 60 days to pay.

On June 23, 2023, Jackson filed a "Collateral Challenge to Eviction Proceeding and Judgment from Eviction Court, Judgment Dated, Rule to Show Cause Why Judgment Should Not Be Declared An Absolute Nullity" ("petition for nullity"). Jackson asserted the judgment of eviction signed by the Justice of the Peace was rendered in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Articles 2, 4, and 19 of the Louisiana Constitution through "[i]ll [p]ractice and [f]raud upon the court"— namely, because Dupre had effectively evicted him prior to filing the petition for eviction.[7]

Dupre opposed Jackson's petition for nullity. Dupre first argued that Jackson had the opportunity to argue the issue of nullity at the March 8, 2023 *de novo* trial. Dupre alternatively argued that annulment is not proper because Jackson did not allege any of the grounds for annulment under La. Code Civ. P. art. 2002,[8] and the petition for nullity "simply reiterates the same allegations and references the same evidence that was available to [Jackson] at the time of [t]rial."

Jackson fax-filed a second motion for additional time to pay appeal fees on July 18, 2023. The 19th JDC granted this second extension as well, affording Jackson an additional 45 days to pay the appeal costs. On July 20, 2023, Dupre filed a motion to dismiss Jackson's appeal of the March 17, 2023 judgment due to

---

[7] Jackson also references a petition for garnishment, but no such petition is contained in the record on appeal. We further note Dupre specifically stated that he is unaware of any petition for garnishment filed against Jackson.

[8] Article 2002 addresses annulment of final judgments for vices of form.

4

Jackson's failure to timely pay appeal fees. Dupre's motion alleged that despite being granted additional time, Jackson had not paid his appeal fees as of July 18, 2023. Therefore, Dupre alleged Jackson's appeal should be dismissed pursuant to La. Code Civ. P. art. 2126(E).[9] Dupre later filed the affidavit of a Deputy Clerk of Court into the record, certifying that Jackson had not paid appeal costs as of September 14, 2023.

The 19th JDC held a hearing on both Dupre's motion to dismiss and Jackson's petition for nullity on September 18, 2023. At the hearing, Jackson admitted to not having paid his appeal costs. As to the petition for nullity, Jackson moved to introduce excerpts from Dupre's deposition, attached to which was a text message from Dupre. Dupre objected to the introduction of any new evidence on the basis that Jackson had the opportunity to present this information at the eviction trial. The 19th JDC sustained the objection to Plaintiff's evidence but allowed Plaintiff to proffer the evidence. No other evidence was introduced. Thereafter, the 19th JDC granted Dupre's motion to dismiss Jackson's appeal of the March 17, 2023 judgment and denied Jackson's petition for nullity from the bench.

The 19th JDC signed a judgment memorializing its in-court rulings on October 20, 2023, and notice of signing was sent on October 27, 2023. Jackson timely filed a motion for new trial, which was denied by the 19th JDC on November 7, 2023. On November 14, 2023, Jackson filed a motion for devolutive appeal, which sought review from this court of "the [j]udge['s] decision to deny Mover/Appellant additional time to pay fees for direct appeal of [j]udgment on or

---

[9] If the appellant fails to pay the estimated appeal costs within the time specified, La. Code Civ. P. art. 2126(E) provides the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall either (1) enter a formal order of dismissal on the grounds of abandonment; or (2) grant a 10-day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned. Dupre argued that since Jackson was previously given an additional 60 days within which to pay his appeal costs, Jackson should not be afforded any additional time to pay and his appeal should therefore be dismissed.

about March 16, 2023." Jackson also alleged "the district court judge abused the court's discretion or otherwise committed reversible error in not allowing Mover/Appellant more time to pay [a]ppeal [f]ees and denial of motion to proffer evidence to support motion for new trial in the judgment noted above and judgment of September 18, 2023."

On appeal, Jackson asserts the following assignments of error:

1. The 19th JDC committed manifest error by not allowing Jackson a hearing on the merits of his nullity claim.

2. The 19th JDC abused its discretion by not allowing Jackson to make a showing that the judgment of eviction was null and void.

3. The 19th JDC erred in denying Jackson's motion to proffer evidence to show the judgment of eviction was null and void as a matter of law.

4. The 19th JDC erred in ruling that the nullity challenge was *res judicata*.[10]

## RULE TO SHOW CAUSE

After examination of the record, this court, *ex proprio motu*, issued a rule to show cause as to why the appeal should or should not be dismissed pursuant to La. Code Civ. P. art. 4924(C), which provides that following the trial court's *de novo* review of a judgment rendered by the justice of the peace, "[n]o further appeal from the judgment of the parish or district court is allowed." See **Jackson v. Dupre**, 2024-0638 (La. App. 1st Cir. 7/23/24) (unpublished order).

Both parties filed responsive briefs. Jackson argued the appeal should be maintained because he is not seeking review of the Justice of the Peace's ruling but

---

[10] In opposition to Jackson's petition for nullity, Dupre raised the issue of *res judicata*, arguing that "the question of whether the July 10, 2020 [j]udgment of the Justice of the Peace Court was properly issued has been addressed by [the 19th JDC]." However, there is no judgment before this court wherein the 19th JDC found the issue of notice raised in the Eviction Appeal was *res judicata*. Since the judgment before us does not make any finding as to Assignment of Error No. 4, it will not be addressed here. See **Fabre v. Manton**, 2021-1418 (La. App. 1st Cir. 6/28/22), 343 So.3d 821, 825 n.4 ("[T]he judgment makes no finding with respect to assignment of error two, . . . and therefore, it will not be addressed."); see also **Marshall v. Marshall**, 2021-0608 (La. App. 1st Cir. 12/27/21), 340 So.3d 931, 935 ("As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal.").

the October 20, 2023 judgment from the trial court that denied his petition for nullity. According to Jackson, this was an entirely new issue raised for the first time at the 19th JDC and may be appealed notwithstanding Article 4924(C). Dupre, on the other hand, argued dismissal of the appeal is appropriate, mainly because Jackson makes the same arguments in this appeal as those asserted in his Eviction Appeal. The rule to show cause was subsequently referred to the panel hearing the merits of the appeal. See **Jackson v. Dupre**, 2024-0638 (La. App. 1st Cir. 9/23/24) (unpublished order).

We first note that both parties gloss over Article 4924(D), which provides, "Supervisory jurisdiction of the proceedings in the parish or district court may be exercised by the court of appeal which otherwise would have had appellate jurisdiction." Pursuant to this Article, we may exercise our supervisory jurisdiction over any further appeal of a judgment rendered by the justice of the peace. See **Wells v. Cavanaugh**, 2011-1857 (La. App. 1st Cir. 5/2/12), 2012 WL 1550534, *2 (unpublished). However, as Jackson correctly points out, the March 17, 2023 judgment dismissing his Eviction Appeal is not before us. In fact, the appeal of that judgment was dismissed by judgment of the 19th JDC dated October 20, 2023, pursuant to Dupre's motion to dismiss, and Jackson does not assign that dismissal as error on appeal.[11] The only ruling before us in this appeal is the portion of the 19th JDC's October 20, 2023 judgment denying Jackson's petition for nullity, which was raised for the first time at the 19th JDC. Since this judgment is not "a judgment rendered by the justice of the peace[,]" but rather, a judgment of the 19th JDC, we find Article 4924 is not relevant to these proceedings. Accordingly, we maintain the appeal.

---

[11] Although Jackson's motion for devolutive appeal stated that he sought review of the dismissal of his appeal of the judgment of eviction, Jackson failed to assign that ruling as error and did not brief the issue. As such, to the extent Jackson seeks review of the dismissal of his appeal of the judgment of eviction ruling, we consider that issue abandoned. See **State v. Lafont**, 2023-0086 (La. App. 1st Cir. 9/15/23), 375 So.3d 1002, 1012 n.8, citing Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal.

7

## LAW AND ANALYSIS

Jackson's assignments of error all relate to one ruling: the 19th JDC's judgment denying Jackson's petition for nullity. We first address the evidentiary issues Jackson raises on appeal, namely, Jackson's assertion that he was not provided an opportunity to make a showing that the judgment of eviction was null and void or to proffer evidence to show the judgment of eviction was null and void as a matter of law.

A trial court's evidentiary rulings are reviewed for an abuse of discretion. **Boone Services, LLC v. Clark Homes, Inc.,** 2023-0299 (La. App. 1st Cir. 10/18/23), 377 So.3d 304, 311. The record is clear that the 19th JDC held a hearing on Jackson's petition for nullity on September 18, 2023. It is also clear from the record that the 19th JDC allowed Jackson to proffer evidence in support of his petition for nullity. As such, we find no merit to these assignments of error.

As to the merits of the 19th JDC's ruling on Jackson's petition for nullity, we begin by noting the nullity of a final judgment may be demanded for vices of either form or substance, as provided in La. Code Civ. P. arts. 2002 through 2006. La. Code Civ. P. art. 2001. Judgments suffering from vices of form are called "absolute nullities," while those which contain vices of substance are called "relative nullities." **Brown v. Stratis Construction, LLC,** 2021-0964 (La. App. 1st Cir. 3/7/22), 341 So.3d 640, 645.

A final judgment is an absolute nullity when it is rendered: (1) against an incompetent person not represented as required by law; (2) against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken; or (3) by a court which does not have jurisdiction over the subject matter of the suit. La. Code Civ. P. art. 2002(A); **Johnson v. Louisiana Department of Public Safety and Corrections,** 2019-1244 (La. App. 1st Cir. 5/11/20), 304 So.3d

426, 434, <u>writ denied</u>, 2020-00839 (La. 12/8/20), 306 So.3d 435. An action of nullity on these grounds may be asserted collaterally and at any time. **Johnson,** 304 So.3d at 434. Such a collateral attack may include the assertion of the absolute nullity of a judgment as an affirmative defense, such as in an answer, by exception, or by contradictory rule or motion. **Id.** However, a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002. La. Code Civ. P. art. 2003.

A final judgment obtained by fraud or ill practices is a relative nullity. La. Code Civ. P. art. 2004(A); **Smith v. LeBlanc,** 2006-0041 (La. App. 1st Cir. 8/15/07), 966 So.2d 66, 72. The Louisiana Supreme Court has held that Article 2004 is not limited to cases of actual fraud or intentional wrongdoing but is sufficiently broad to encompass all situations where a judgment is rendered through some improper practice or procedure that operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2022-0990 (La. App. 1st Cir. 3/16/23), 363 So.3d 543, 548, <u>citing</u> **Wright v. Louisiana Power & Light,** 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1067.

A final judgment obtained by fraud or ill practices is not an absolute nullity; the nullity must be properly decreed within the time prescribed. **Smith,** 966 So.2d at 71. No specific provision was made in Article 2004 regarding the manner of asserting the grounds of nullity. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. **Id.** at 72; La. Code Civ. P. art. 2004, Official Revision Comments—1960, Comment (d). Thus, the party praying

for the nullity of a relatively null judgment must bring the action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits. **Smith,** 966 So.2d at 72. A direct action can be brought by filing a separate proceeding or by the filing of a pleading in the same proceeding as that in which the offending judgment was rendered. The reason for this rule is that a relative nullity involves a factual issue which must be proven by evidence placed in the record. **Id.**

Jackson's petition for nullity references absolute nullity in its title and includes claims related to Dupre's alleged failure to post notice of eviction prior to filing his petition for eviction. These allegations appear to relate to nullification of the judgment of eviction for vices of form. See La. Code Civ. P. art. 2002. Nevertheless, in the body of his petition for nullity, Jackson explicitly states the judgment of eviction should be nullified because it was obtained by fraud or ill practices or an improper practice or procedure, all of which pertain to relative nullity for vices of substance. See La. Code Civ. P. art. 2004.

Our Code of Civil Procedure requires that every pleading be so construed as to do substantial justice. See La. Code Civ. P. art. 865. Each pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice. The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they actually are and not for what their authors designate them. **State, Department of Children and Family Services ex rel. A.L. v. Lowrie**, 2014-1025 (La. 5/5/15), 167 So.3d 573, 578. Accordingly, this court must read Jackson's filings "indulgently" and attempt to discern the thrust of his position on appeal and the relief he seeks. See **Bennie v. Jones**, 2024-0480 (La. App. 1st Cir. 11/20/24), ___ So.3d ___, ___, 2024 WL 4830396, *2. Since Jackson alleges absolute nullity of the judgment of eviction and also asserts grounds for relative nullity, we address both.

**Relative Nullity**

10

In his petition for nullity filed on June 23, 2023, Jackson recounts that he was "effectively evicted" from the premises prior to Dupre filing a petition for eviction with the Justice of the Peace. According to Jackson, Dupre sent him a "letter of eviction" dated May 11, 2020, which "instructed [Jackson] to not attempt entry onto said property (violation of which) would result in [Jackson's] arrest[.]" Accordingly, Jackson asserts "that the subsequent filing of an eviction process with the [Justice of the Peace] constituted [i]ll [p]ractice and [f]raud upon the court, thus, the judgment garnered from the eviction process of July 10, 2020 was and is an [a]bsolute [n]ullity with no force of law."

Jackson made these same assertions in his Eviction Appeal to the 19th JDC nearly three years earlier on July 27, 2020. Therein, Jackson stated Dupre "failed to post a Notice to Vacate prior to filing an eviction as required by law" and "[t]he Justice of the Peace Court in error granted the eviction without hav[ing] proper notice in the record." It is therefore apparent that Jackson was aware of the alleged notice issue by July 27, 2020, and had the opportunity to litigate this issue during the *de novo* trial before the 19th JDC. Further, although we do not have a copy of the proceedings before the Justice of the Peace,[12] the issue of lack of notice was presumably raised during the eviction proceedings before the Justice of the Peace as well. See **71070 Hwy 21, LLC v. Cardiovascular Specialty Care Center of Covington, LLC**, 2023-0641 (La. App. 1st Cir. 12/27/23), 383 So.3d 205, 216 (holding that, without notice to vacate, there can be no judgment issued under La. Code Civ. P. art. 4701).

An action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. **Pontchartrain Natural Gas System**, 363 So.3d at 548, citing **Belle Pass Terminal, Inc. v. Jolin, Inc.**, 2001-0149 (La. 10/16/01),

---

[12] See footnote 2, *supra*.

800 So.2d 762, 766. After reviewing the record in its entirety, we find Jackson's assertion regarding Dupre's alleged failure to post notice to vacate is nothing more than a "second chance to prove a claim that was previously denied[.]"[13] See **Pontchartrain Natural Gas System**, 363 So.3d at 548. As such, we find no merit to Jackson's assertion that the judgment of eviction was rendered through "[i]ll [p]ractice and [f]raud upon the court."

## Absolute Nullity

In contrast to relative nullities, an action based on absolutely nullity of judgment may be asserted at any time. **Johnson**, 304 So.3d at 434. The grounds for an absolute nullity based on vices of form listed in La. Code Civ. P. art. 2002 are exclusive. **Id.** The only ground under Article 2002 that is potentially relevant here is failure to serve a defendant with process as required by law and who has not waived objection to jurisdiction. See La. Code Civ. P. art. 2002(A)(2). Pertinently, Jackson alleges in his petition for nullity that Dupre did not provide him with notice to vacate prior to filing his petition for eviction, and therefore, the judgment of eviction is an absolute nullity.

Eviction procedure is outlined in La. Code Civ. P. art. 4701, *et seq*. When a lessee's right of occupancy has ceased and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. La. Code Civ. P. art. 4701. If the lessee or occupant fails to comply with the notice to vacate, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. La. Code Civ. P. art. 4731(A).

---

[13] Additionally, we note Jackson exercised his right to seek review of the 19th JDC's dismissal of his Eviction Appeal; however, that appeal was dismissed for his failure to pay the required costs of appeal despite being afforded significantly more than the 20 days prescribed by La. Code Civ. P. art. 2126(B) for an extension of time to pay appeal costs.

The notice to vacate is an essential part of the summary eviction procedure provided for in La. Code Civ. P. art. 4701, and without this notice, there can be no judgment issued under La. Code Civ. P. art. 4701. **71070 Hwy 21, LLC**, 383 So.3d at 216. However, notice to vacate is merely the initial step necessary to effectuate an eviction; it is only upon the lessee's failure to vacate the leased premises after receiving such notice that the lessor may proceed summarily to have the lessee evicted. <u>See</u> **Marlies Margot Cernicek Irrevocable Living Trust v. Becnel**, 2022-62 (La. App. 5th Cir. 11/16/22), 353 So.3d 950, 955-56; **Easterling v. Estate of Miller**, 2014-1354 (La. App. 4th Cir. 12/23/15), 184 So.3d 222, 227; **Platinum City, L.L.C. v. Boudreaux**, 2011-559 (La. App. 3d Cir. 11/23/11), 81 So.3d 780, 784-85. In other words, the court must deny a petition for eviction if the lessor fails to provide the required notice under La. Code Civ. P. art. 4701. <u>See</u> **Bennie**, ___ So.3d at ___, 2024 WL 4830396 at *2; <u>see also</u> **Becnel**, 353 So.3d at 956 (finding, without the notice to vacate, appellant failed to make a *prima facie* showing that it complied with all of the requirements for a summary eviction proceeding).

Whether Dupre complied with the notice requirement of Article 4701 was therefore an essential part of Dupre's *prima facie* showing that he was entitled to a judgment of eviction. The Justice of the Peace's judgment of eviction was the subject of Jackson's Eviction Appeal to the 19th JDC. After a trial *de novo*, the 19th JDC denied Jackson's Eviction Appeal via judgment dated March 17, 2023 Jackson timely filed a motion for new trial and a motion for devolutive appeal of that judgment. As previously noted, Jackson's appeal of the March 17, 2023 judgment was dismissed by the 19th JDC on October 20, 2023. As such, the March 17, 2023 judgment is not before this court. Further, failure to provide

notice under Article 4701 is not grounds for absolute nullity of judgment.[14] See La. Code Civ. P. art. 2002; **Johnson**, 304 So.3d at 434 (holding the grounds for absolute nullity enumerated in Article 2002 are exclusive). Accordingly, we find no error in the 19th JDC's denial of Jackson's petition for nullity.

## CONCLUSION

For the foregoing reasons, the portion of the Nineteenth Judicial District Court's October 20, 2023 judgment denying the "Collateral Challenge to Eviction Proceeding and Judgment from Eviction Court, Judgment Dated, Rule to Show Cause Why Judgment Should Not Be Declared An Absolute Nullity" filed by Plaintiff, Shawn Jackson, is affirmed. All costs of this appeal are assessed to Shawn Jackson.

**APPEAL MAINTAINED; JUDGMENT AFFIRMED.**

---

[14] To the extent Plaintiff argues he was not served with the rule to show cause on Defendant's petition for eviction, we note a party who fails to file an exception of insufficient service and appears waives the right to object to improper service. See **State v. Kee Food, Inc.**, 2017-0127 (La. App. 1st Cir. 9/21/17), 232 So.3d 29, 32, writ denied, 2017-1780 (La. 12/5/17), 231 So.3d 632, citing La. Code Civ. P. art. 925(2); see also **Burton v. Belt**, 2021-0571 (La. App. 4th Cir. 5/18/22), 340 So.3d 1176, 1184.